RECEIVED
OCT 27 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

11-cv-1909

# UNITED STATES DISTRICT COURT

JOHN-TALMAGE MATHIS            CIVIL ACTION NO.:

versus                         JUDGE:

BOOMTOWN CASINO BOSSIER

## COMPLAINT

1.

This is an action seeking unpaid wages for an employee of an "employer" for the equitable relief pursuit to that of the Fair Labor Standards Act, and to recover penalty wages under the Louisiana Unpaid Wage Statute.

2.

The plaintiff, MATHIS, is a resident of Louisiana who was employed by the defendant, BOOMTOWN, at a facility located in Bossier Parish. Be it known that MATHIS has made attempts to seek immediate resolve from BOOMTOWN to eliminate burdens placed upon BOOMTOWN and the COURT for his inexperience as a law practitioner.

3.

BOOMTOWN is liable to pay statutorily-required wages to MATHIS.

## FACTS

4.

MATHIS was hired by BOOMTOWN in the position as Player Development Coordinator on March 23, 2010 at an hourly rate of $14, which was his "regular rate" of wage.

5.

MATHIS received notice of being terminated on June 6, 2011. In an email from an executive at BOOMTOWN's corporate office—CHRISTINE RURY stated: "After reviewing the information with the property it has been determined that you have been in violation of our attendance policy and therefore have been terminated as of May 30, 2011."

6.

BOOMTOWN never furnished MATHIS a Separation Notice Alleging Disqualification (Louisiana Workforce Commission Form LWC 77). Furthermore, MATHIS is unaware of being counseled or receiving the accrued points necessary for termination, as stated by BOOMTOWN's EMPLOYEE GUIDELINE booklet.

7.

MATHIS has made several demands to be paid for the 23 hours of unpaid wages. BOOMTOWN has failed to compensate MATHIS for these hours. In addition to the countless demands, complaint of wages unpaid were made to the UNEMPLOYMENT and WORKMANS' COMP COURTS.

8.

On October 18, 2011, CURTIS JOSEPH of THE LAW OFFICE OF RON LATTIER, representing BOOMTOWN for claims of Workmans' Comp, indicated that check number 1050707 received by MATHIS on or about June 23, 2011 were for wages of 8 hours (in the amount of $105.67). JOSEPH stated that a check for 14 hours was sent to MATHIS on or about September 23, 2011. Check number 1050707 was not cashed. Upon receiving the check, MATHIS sent an email to BOOMTOWN questing the purpose of the check. When no response was received, MATHIS filed the check until it could be determined what the check was sent for.

9.

Several demands have been made, and inquired, of status of the alleged second check sent by BOOMTOWN. This check has not been received.

10.

On September 27, 2011, MATHIS and BOOMTOWN "completely resolved" Workman's Comp claims. The resolution entailed, as outlined by the mediator of the court: "Claimant further agrees to dismiss the LDOL wage claim against employer upon receipt of payment to claimant for 23 hrs. worked."

11.

On a letter sent to MATHIS, dated September 27, 2011, from LAW OFFICE, states that: "It is further my understanding that your dismiss the LDOL wage claim against BOOMTOWN upon receipt of payment for the alleged outstanding wages (As I appreciate the situation, said payment was forwarded on or about September 23, 2011)."

12.

"Alleged outstanding wages" in question are evidenced of true occurrence through dialog that existed through email as MATHIS performed these duties for BOOMTOWN as indicated as such: "Please let me know when you'll have the checkbooks [a spreadsheet program] completed."

13.

MATHIS has not received any form of compensation for unpaid wages.

## STATEMENT OF CLAIMS

14.

The FLSA requires timely payment of wages in cash. BOOMTOWN is liable unto MATHIS for 23 hours of wages of the agreed-to regular rate of wage, plus liquidated damages (double pay), pre-judgment interest, and future fees and costs for an attorney.

15.

MATHIS is entitled to injunctive relief pursuant of the FLSA, to restrain BOOMTOWN from violating and continuing to violate the FLSA, compelling full payment of all wages due.

16.

MATHIS is also entitled to penalty wages of 8 hours per work day for the maximum penalty period of 90 days, as allowed by the Louisiana Unpaid Wages Statute.

17.

MATHIS also seeks the termination status of his employment to be that of a neutral termination or termination "without cause."

WHEREFORE, JOHN-TALMAGE MATHIS PRAY:

1. That BOOMTOWN be duly served with a copy of this Complaint and be cited to appear and answer same;

2. That after due delays and legal proceedings had, there be Judgment herein in favor of MATHIS and against BOOMTOWN for all such damages as are reasonable in the premises;

3. Together with legal interest thereon from date of judicial demand until paid;

4. For the relief pled herein and to pay wages due through his date of termination; and

5. For a termination of employment to be considered that of being a termination "without cause."

RESPECTFULLY SUBMITTED,

BY: _____

John-Talmage Mathis

PLAINTIFF

8601 Millicent Way
Apartment 206
Shreveport, Louisiana 71115
(337) 802-9663

**PLEASE SERVE:**

**BOOMTOWN CASINO BOSSIER**
ATTN: KIMBERLY HAIGH
300 Riverside Drive
Bossier City, Louisiana 71111