UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN-TALMAGE MATHIS                    CIVIL ACTION NO. 11-cv-1909

VERSUS                                 JUDGE STAGG

BOOMTOWN CASINO-BOSSIER CITY           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

John-Talmage Mathis ("Plaintiff"), a self-represented party, filed this civil action against Boomtown Casino Bossier for unpaid wages and penalties. Plaintiff alleges that his employment was terminated in June 2011, but he has not been compensated for 23 hours of work at an hourly rate of $14. He contends that Boomtown's attorney delivered him a check for eight hours of wages, but Plaintiff did not cash the check for some reason.

Boomtown has filed a Motion to Dismiss (Doc. 8) in which it contends that the amount in controversy of only $210 ($14 per hour x 15 hours) does not satisfy the requirement that the amount in controversy exceeds $75,000. That might be true if jurisdiction were based solely on diversity jurisdiction under 28 U.S.C. § 1332, but Plaintiff's complaint specifically invokes the federal Fair Labor Standards Act ("FLSA"). Complaint, ¶¶ 1, 14, and 15.

The FLSA requires payment of at least the minimum wage by the employee's regular payday. See Sandoz v. Cingular Wireless, LLC, 769 F. Supp. 2d 1047, 1053-54 (W.D. La. 2010); Mathis v. About Your Smile, P.C., 2002 WL 1878894 (E.D. Pa. 2002). Plaintiff

alleges that he worked significant hours but was not paid for his time. He has, therefore, adequately asserted a federal claim to give rise to subject-matter jurisdiction under 28 U.S.C. § 1331, which does not include a minimum amount in controversy.

The court need not pass on whether Plaintiff has asserted an entirely valid FLSA cause of action or further explore the facts underlying the claim. A federal claim is pleaded adequately to support subject-matter jurisdiction unless it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous. <u>Adar v. Smith</u>, 639 F.3d 146, 150-51 (5th Cir. 2011) (en banc). Plaintiff's asserted FLSA claim does not fall within that category, so the court has subject-matter jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that Boomtown Casino Bossier's Motion to Dismiss (Doc. 8) be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of December, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE