RECEIVED
APR - 4 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

---

JOHN-TALMAGE MATHIS

versus                                                        CIVIL ACTION NO. 11-1909
                                                              JUDGE TOM STAGG
BOOMTOWN CASINO-BOSSIER CITY

---

## MEMORANDUM RULING

Before the court are two motions for summary judgment, one filed by the plaintiff, John-Talmage Mathis ("Mathis") and one filed by the defendant, Boomtown Casino-Bossier City ("Boomtown"). See Record Documents 17 and 21. For the reasons set forth below, both of the motions for summary judgment are **DENIED**.

## I. BACKGROUND

Mathis, proceeding pro se, filed this action against Boomtown for unpaid wages and penalties. He alleges that his employment was terminated in June of 2011 but that he has not been compensated for twenty-three hours of work at an hourly rate of $14. Mathis invokes the Fair Labor Standards Act ("FLSA"), which requires payment of at least the minimum wage by the employee's regular payday and which provides for

penalties and attorney's fees for failure to timely pay minimum wage for hours worked. See Sandoz v. Cingular Wireless, LLC, 769 F.Supp.2d 1047, 1053-54 (W.D. La. 2010).

## II. LAW AND ANALYSIS

**A.     Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it

---

[1] The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

## B.  Mathis's Motion.

Mathis has filed a motion for summary judgment, asserting that he is entitled to judgment as a matter of law. As the plaintiff, Mathis bears the burden of proving his claims at trial. To prevail on a motion for summary judgment, he must establish evidence that would entitle him to a directed verdict. See Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264 (5th Cir. 1991); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999). This, he has not done. If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. See Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990). Mathis's motion for summary judgment must be denied, as numerous disputes of material fact remain.

## C.   Boomtown's Motion.

Boomtown also filed a motion for summary judgment, contending that there are no genuine issues of material fact. However, Boomtown's motion does not illustrate that "there [are] no genuine dispute[s] as to any material fact[s] and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc., 628 F.3d at 728. Based on the evidence before the court and the scant legal argument contained in Boomtown's motion, the court believes that disputes of material fact exist and that summary judgment is not warranted. Boomtown has not met its summary judgment burden of demonstrating the absence of a genuine dispute of material fact by simply asserting that "it does not owe the sought-after sums, and more importantly, this fact is not genuinely disputed." Record Document 21 at 2.[2] Accordingly, Boomtown's motion for summary judgment must be denied.

---

[2]Furthermore, Boomtown inexplicably continues to assert that the amount in controversy does not satisfy the requisite federal jurisdictional amount. As was explicitly noted in the Report and Recommendation that issued *prior to* the filing of Boomtown's motion for summary judgment, this argument might hold true if jurisdiction were based solely on diversity jurisdiction. However, Mathis's complaint specifically invokes the FLSA, thus stating a federal claim which gives rise to subject matter jurisdiction under 28 U.S.C. § 1331, which does not include a minimum amount in controversy. The court is at a loss as to why Boomtown would make, much less continue to assert, this basic tenet of law as an argument in its motion.

## III. CONCLUSION

Based on the foregoing, the motions for summary judgment filed by Mathis and by Boomtown are **DENIED**. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 4th day of April, 2012.

_____
JUDGE TOM STAGG