

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

JOHN-TALMAGE MATHIS

versus                CIVIL ACTION NO. 11-1909
                                           JUDGE TOM STAGG

BOOMTOWN CASINO-BOSSIER CITY

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Boomtown Casino-Bossier City ("Boomtown"). See Record Documents 95. For the reasons set forth below, the motion for summary judgment is **GRANTED IN PART** **and DENIED IN PART.**

## I. BACKGROUND

John-Talmage Mathis ("Mathis"), proceeding pro se, filed this action against Boomtown for unpaid wages and penalties. He alleges that his employment was terminated in June of 2011 but that he has not been compensated for twenty-three hours of work at an hourly rate of $14. Mathis invokes the Fair Labor Standards Act ("FLSA"), which requires payment of at least the minimum wage by the employee's regular payday and provides for penalties and attorney's fees for failure to timely pay

minimum wage for hours worked. See 29 U.S.C. § 201 et seq.; Sandoz v. Cingular Wireless, LLC, 769 F.Supp.2d 1047, 1053-54 (W.D. La. 2010). Mathis also asserts a state law claim for penalties pursuant to the Louisiana Unpaid Wages Statute ("LUWS"). See La. R.S. 23:631 et seq.

Both Mathis and Boomtown previously filed motions for summary judgment. See Record Documents 17 and 21. This court denied both motions, citing the existence of genuine disputes as to material facts. See Record Documents 51 and 52.

## II. LAW AND ANALYSIS

A.   **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must

go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.     Boomtown's Motion.**

Boomtown contends that it is entitled to summary judgment because Boomtown paid Mathis wages for the twenty-three hours of work Mathis seeks. See Record Document 95. Specifically, Boomtown alleges that it paid Mathis $112.00 on June 22, 2011, and $36.79 and $210.00 on September 23, 2011. The June 2011 payment allegedly represented compensation for eight hours of Mathis's labor, while the September 2011 payments reflected fifteen hours of his work. See id. According to Boomtown, these sums represent the total amount of wages Mathis claims are owed.

3

Boomtown's assertion that it paid Mathis for twenty-three hours worth of wages is supported by competent evidence such as affidavits and copies of checks issued to Mathis. See id., Exs. 1-6. For example, Boomtown attaches the affidavit of Sharon Grigsby, Boomtown's payroll clerk, who states that Boomtown mailed a check to Mathis for $112.00 on June 22, 2011, and tendered $210.00 to Mathis on September 23, 2011 by direct deposit. See id., Exs. 4. Her affidavit is supported by "Check Analyses" which shows each check number, check amount, hours worked, rate of pay, the date the check was issued and applicable deductions. See id.

Mathis does not contest that he received these payments. Instead, he wonders aloud why the payments were distributed in such increments instead of in a lump sum. Reviewing the evidence, the court finds that Boomtown has met its burden of demonstrating the absence of a genuine dispute of material fact on this issue. Mathis's speculation as to why the checks were issued in three separate payments as opposed to one lump sum is insufficient to overcome his burden as nonmovant. See Ramsey, 286 F.3d at 269. Accordingly, summary judgment is appropriate on the issue of whether Mathis is owed wages from Boomtown for twenty-three hours of work.

However, establishing the fact that Mathis was paid for his work does not

entitle Boomtown to an outright dismissal of this case. Factual issues remain regarding Mathis's claim for statutory penalties and fees. These issues can only be resolved by determining whether the June and September 2011 payments were timely under the FLSA and LUWS.[1] Boomtown's motion for summary judgment does not utter one word regarding the timeliness of its payment, and this court cannot make such an evaluation based on the evidence presented. Therefore, the court cannot dismiss Mathis's remaining claims for statutory penalties and fees.[2]

### III. CONCLUSION

Based on the foregoing, the motion for summary judgment filed by Boomtown is **GRANTED** to the extent that Boomtown is not liable to Mathis for twenty-three hours

---

[1] Both the FLSA and LUWS provide for penalties when an employer fails to timely pay wages. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707-708, 65 S. Ct. 895, 902 (1945) (finding that the FLSA provides for penalties for failure to timely pay wages); see also La. R.S. 23:631(A)(1)(a) and 23:632 (providing penalties and attorney fees when employer fails to pay a discharged employee on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first).

[2] In passing, Boomtown contends that, in a prior settlement agreement between the parties, Mathis agreed to waive all claims against Boomtown for unpaid wages. Boomtown attaches the settlement agreement but does not cite any authority on how the agreement forecloses Mathis's claim. See Record Document 95, Ex. 6. On the other hand, Mathis argues that such agreements are void under the FLSA. Based on the scant legal argument contained in Boomtown's motion, the court cannot grant summary judgment in favor of Boomtown on the basis of the settlement agreement.

of unpaid wages; otherwise, Boomtown's motion is **DENIED**. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 3rd day of April, 2013.

_____
JUDGE TOM STAGG