RECEIVED

AUG 16 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JOHN-TALMAGE MATHIS

versus   CIVIL ACTION NO. 11-1909
         JUDGE TOM STAGG

BOOMTOWN CASINO-BOSSIER CITY

## MEMORANDUM RULING

On October 27, 2011, the pro se plaintiff, John-Talmage Mathis ("Mathis"), filed a complaint against his former employer, Boomtown Casino-Bossier City ("Boomtown"), seeking unpaid wages and penalties under both federal and state law. See Record Document 1. Both parties have filed multiple motions for summary judgment. This court granted Boomtown's most recent motion for summary judgment in part, dismissing Mathis's claims for wages but leaving Mathis's claims for late payment of wages penalties for trial. See Record Documents 104 and 105. Thus, the only outstanding issue in the case is whether Mathis is entitled to penalties for late payment of wages.

Mathis has repeatedly ignored orders from this court regarding trial preparation. Mathis failed to comply with pretrial instructions laid out in the scheduling order issued in this case. See Record Document 103. He did not submit

a witness list, exhibit list, or pretrial inserts despite the defendant's repeated efforts to contact Mathis regarding the pretrial order. Boomtown ultimately submitted its pretrial inserts without any input from Mathis. See Record Document 107.

On August 15, 2013, Mathis failed to appear at the pretrial conference even though the pretrial date was set on March 6, 2013, and was never changed. See Record Document 103. Mathis did not communicate with the court to inform it that he would not attend. Magistrate Judge Hornsby and counsel for Boomtown waited several minutes for Mathis to appear or to call and explain his absence, but he did not do so. As of the issuance of this ruling, the court has not heard from Mathis. Counsel for Boomtown informed Magistrate Judge Hornsby that he had made further attempts to communicate about the pretrial conference with Mathis but that those attempts were unsuccessful.

A district court has the inherent authority to dismiss an action sua sponte for failure to prosecute, with or without notice to the parties. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–631, 82 S.Ct. 1386, 1388–89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319–20 (5th Cir. 1982). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Given that Mathis has repeatedly disobeyed orders of this court, the court finds

that the sanction of dismissal is necessary in this case. The court now must decide whether to dismiss with or without prejudice. Dismissals with prejudice are appropriate only on a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice. See Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006). A dismissal with prejudice usually, but not always, requires that there also be present one of several aggravating factors. Those factors are the extent to which the plaintiff, as distinguished from his attorney, was personally responsible for the delay, the degree of actual prejudice to the defendants, and whether the delay was the result of intentional conduct. See id. at 417-18. In this case, the plaintiff was proceeding pro se and thus was personally responsible for the delay by failing to comply with the court's scheduling order and failing to appear at the pretrial conference.[1]

Accordingly, this case is **DISMISSED WITH PREJUDICE** for failure to prosecute. A judgment consistent with the terms of this memorandum ruling shall issue herewith.

---

[1] Even had the court dismissed *without* prejudice, it is likely that such a judgment would function as a dismissal *with* prejudice due to statute of limitations concerns.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 15th day of August, 2013.

_____
JUDGE TOM STAGG